IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LORENZO W. POWELL | § | |
| VS. | § | CIVIL ACTION NO.  1:23-CV-435 |
| STATE OF TEXAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lorenzo W. Powell, a prisoner confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1651.  Petitioner is seeking a court order requiring a state court to provide him with records from a criminal proceeding.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

Mandamus is a drastic remedy that should only be granted in extraordinary circumstances. *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380 (2004); *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998).  To obtain mandamus relief, the petitioner must show that: (1) the petitioner has a clear and indisputable right to the relief; (2) the respondent clearly has failed to perform a nondiscretionary duty; and (3) there are no other adequate remedies.  *Davis*, 150 F.3d at 487; *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir. 1997).  If these conditions are met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.  *Cheney*, 542 U.S. at 381.

Petitioner's allegations do not meet any of the standards for issuance of a writ of mandamus. Further, this court lacks the power to issue a writ of mandamus to direct a state court or judicial officer to perform their duties.  *Moye v. DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).  Therefore, the request for mandamus relief should be denied.

<u>Recommendation</u>

This Petition for Writ of Mandamus should be denied.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 3rd day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE